IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,597-01






EX PARTE RICARDO FLORES RODRIGUEZ III, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-3355-06-G IN THE 370TH DISTRICT COURT


FROM HIDALGO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and
sentenced to ten years' imprisonment. He did not appeal his conviction.

 Applicant contends, among other things, that the charges in this cause were dismissed and
that he should not be serving a sentence in the Texas Department of Criminal Justice-Correctional
Institutions Division. According to the record, Applicant filed a motion to withdraw his guilty plea.
The trial court orally granted his motion but did not sign a written order. The trial court then granted
the State's motion to dismiss the charges, but because the order granting Applicant's motion to
withdraw his plea was not signed, the trial court had no authority to dismiss the charges.

 The trial court has made findings of fact and conclusions of law and recommends that we
vacate the judgment and dismiss the charges with prejudice. We believe that the record is not
sufficient to resolve Applicant's claim. Accordingly, the trial court shall provide Applicant's trial
counsel with the opportunity to respond. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether counsel failed to ensure that
the trial court signed the written order he prepared. The trial court shall then determine whether
counsel's performance was deficient and, if so, whether Applicant was prejudiced. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: October 1, 2008

Do not publish